[No. 13672.    Department One. — November 27, 1891.]

## J. T. ROGERS, RESPONDENT, *v.* DAVID JONES, APPELLANT.

MORTGAGE — DEED ABSOLUTE IN FORM — CONTEMPORANEOUS MEMORANDUM — FORECLOSURE — EVIDENCE. — An absolute deed is sufficiently shown to have been intended as a mortgage by a written memorandum signed by the parties contemporaneously with the execution of the deed, showing that the grantee is to borrow money on the land and use it for the grantor in paying his indebtedness to various persons, and taxes on the land, and that the grantor is to have the land again by deed when he pays the amount borrowed, and any other debts due the grantee, with interest at one per cent on each item; and such memorandum is admissible in evidence, in an action by the grantee to foreclose the alleged mortgage.

ID. — AGREEMENT FOR INTEREST — TIME NOT SPECIFIED — RATES PER ANNUM. — Where the written memorandum specifies the rate of interest on each item of expenditure for the grantor by the grantee simply as " one per cent interest," without specifying time, the contract, interpreted by the rule prescribed in section 1916 of the Civil Code, means only one per cent per annum.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Bond & Fishback*, for Appellant.

*J. T. Rogers, in pro. per.*, for Respondent.

VANCLIEF, C. — Action to foreclose an alleged mortgage. The instrument alleged to be a mortgage is in form an absolute conveyance of forty acres of land, dated February 11, 1885, but it is averred in the complaint that at the time it was executed, it was understood and agreed by the parties that it was to have the effect of a mortgage, merely to secure the payment of future advances of money by plaintiff, to and for the use of the defendant, not to exceed $750. It is further averred that, in accordance with such agreement, the plaintiff paid for and at the request of the defendant, to different persons,

sums of money amounting in the aggregate to $267.72, which the defendant promised to repay to plaintiff, with interest at one per cent per month.   The prayer is, that the mortgaged premises be sold, etc.

The answer denies that it was agreed or understood that the instrument should be considered a mortgage, or that it was executed as security for any debt; denies three items of the alleged indebtedness, amounting to about one hundred dollars; and denies that defendant promised to pay interest at any rate.

The court found for the plaintiff upon all the issues, and rendered judgment accordingly.

The defendant appeals from the judgment, and also from an order denying his motion for a new trial.

1. The court did not err in admitting in evidence the written memorandum, signed by the parties contemporaneously with the execution of the deed, of which the following is a copy: —

"Memorandum, made February 11, 1885.

"David Jones deeds to me 40 acres.  Still due the state, $52.

"J. T. Campbell is to deed me 120 acres, and I am to pay $130 (or thereabouts) to Campbell.

"Then I am to borrow on said 160 acres about $750, and I am to use said money for Jones.

"1st.  Pay to J. J. Scrivner, attorney, 320 California Street, San Francisco, $500.

"2d.  J. T. Campbell, attorney, Santa Rosa, California, $130.

"3d.  Pay taxes of E. Davis and D. Jones, $32.77

"4th.  Pay balance to state on said 40 acres, $52.

"5th.  Pay taxes on land hereafter.

"On each item I am to have one per cent interest.

"Jones, in said matter, is to have the land again by deed, whenever he pays all the amount borrowed and any other debts due to me.

"If the money can be borrowed, the above is to be done.                              "J. T. ROGERS.
                                            "DAVID JONES."

2. This memorandum, under the circumstances appearing, sufficiently tended to prove that the deed was intended as mere security for debts, and was therefore a mortgage, to justify the finding of the court to that effect.

3. The evidence was also amply sufficient to justify the finding of the indebtedness of defendant to plaintiff in the principal sum of $267.72, for money paid to divers persons at the request of defendant, but was not sufficient to justify the finding of interest thereon at the rate of one per cent per month, amounting to $122.46, as estimated by the court. The only competent evidence of the contract rate of interest is that afforded by the written memorandum, which states only that " on each item I am to have one per cent interest." This, interpreted by the rule of section 1916 of the Civil Code, means only one per cent per annum; therefore, only one per cent per annum should have been allowed. The amount of interest allowed by the court in excess of what should have been allowed is $112.25. For this error, I think the judgment should be reversed and a new trial granted, unless the respondent shall, within twenty days from date of the filing of this opinion, remit from the judgment and decree $112.25, in which case the judgment and order should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment will be reversed and a new trial granted, unless the respondent shall, within twenty days from date of the filing of this opinion, remit from the judgment and decree $112.25, in which case the judgment and order shall stand affirmed.