[L. A. No. 4595. Department One.—August 2, 1918.]

EMMA PEZZONI, Plaintiff and Respondent, v. HENRY GREENWELL, Defendant and Respondent; C. F. SMITH et al., Defendants and Appellants.

NEGOTIABLE INSTRUMENTS — ASSIGNMENT FOR SECURITY — CONSIDERATION—PRE-EXISTING DEBT.—Under the rule established in this state, an assignment of a negotiable instrument before maturity as collateral security for pre-existing debt constitutes an indorsement for a valuable consideration sufficient to protect the purchaser thereof under the law-merchant against defenses to the note of which he has no notice at the time of the indorsement.

ID.—PROMISSORY NOTE—ASSIGNMENT—SUFFICIENCY OF CONSIDERATION—FINDINGS.—In an action by the maker to cancel a promissory note, negotiable in form, on the ground that her signature was obtained without consideration and by fraud, where the evidence showed that the payee indorsed the note before maturity as collateral security for the payment of an installment of one hundred dollars past due from him to another on a contract for the purchase of an automobile, that the installment was never paid, that the automobile was thereafter wrecked and sold for a sum which was credited on the contract to purchase, the trial court was warranted in finding that the note was indorsed as collateral security for the payment

of the installment due on the contract and for no other claim, but was not warranted in finding that it was assigned without any valuable consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County. P. R. Parker, Judge.

The facts are stated in the opinion of the court.

Leo V. Youngworth, for Appellants.

John L. Fleming, and Robert J. Gardner, for Respondents.

SHAW, J.—The defendants C. F. Smith and S. W. Smith appeal from the judgment in favor of the plaintiff. They are partners doing business under the firm name of Smith Brothers.

The plaintiff sued the defendants to obtain a decree canceling a certain promissory note signed by her, dated August 18, 1914, for $625, due sixty days after date, payable to the order of Henry Greenwell and by him indorsed to the defendant C. F. Smith and S. W. Smith. The basis of her action was that her signature to the note was obtained without consideration and by the device of leading her to believe that she was signing a different instrument and not a promise to pay money. The appellants filed a cross-complaint alleging the execution of the note, its indorsement to them in due course of business and for a valuable consideration before maturity, and asking judgment for the amount thereof. The plaintiff answered the cross-complaint denying that the indorsement of the note by Greenwell to the appellants was in due course of business or for a valuable consideration.

On the subject of the indorsement the court found: "That the said note was not received by the said defendants, Smith Bros., in due course of business and for a valuable consideration, in that the court finds that the said defendants and cross-complainants, Smith Bros., did not at the time of receiving the said note, or otherwise, part with anything of value on account thereof, and that they gave no credit on account thereof, nor did they otherwise change their legal status in any particular by reason thereof." The appel-

lants claim that this finding is contrary to the law and the evidence.

The evidence on this subject consists of the testimony of S. W. Smith and Henry Greenwell. It appears that about the time of the execution of this note Smith Bros. and the defendant Greenwell executed an agreement whereby Greenwell promised to pay Smith Bros. the sum of $1,250 in installments of one hundred dollars, payable on the 18th of each month thereafter, and Smith Bros. agreed that they would immediately give to Greenwell the possession and use of a certain automobile, and that if each of the said payments was promptly made when due until the whole was paid, they would then sell to Greenwell the said automobile, but that title thereto should remain in Smith Bros. until after they should make the sale referred to, upon payment of the principal and interest of the sum to be paid by Greenwell. The next payment upon this contract became due on September 18, 1914. S. W. Smith testified that in September, immediately after this payment became due, he demanded of Greenwell the possession of the automobile or some additional security for the payment of the sum agreed to be paid by the contract; that Greenwell desired to keep the car and offered to indorse this note to Smith Bros. as collateral security for moneys owing on the contract; that Smith accepted this offer and Greenwell thereupon indorsed said note to Smith Bros. Greenwell, on the other hand, testified that he was unable to make the hundred dollar payment of September 18th; that Smith demanded payment thereof; that he told Smith that he was unable to pay it then and that he would rather Smith would take back the car, and offered to let him do so; that Smith refused the car and thereupon Greenwell offered him this note as collateral for the monthly payment of one hundred dollars then due, and that Smith agreed to this and accepted the note for that purpose, whereupon he indorsed it as above stated and delivered it to Smith. The evidence shows that the hundred dollars was never paid. The automobile was wrecked within a few days after the transfer of the note and it was taken by Smith Bros. some five or six months thereafter and sold for the sum of three hundred dollars, which was credited on the money due under the contract of lease for

the automobile. Smith testified further that he gave credit on that contract for the whole amount of the note, namely, $625, and that this three hundred dollars was credited as an additional payment on the contract. There was no other testimony on the subject of these credits.

The court was warranted upon the evidence of Greenwell in finding that the note was indorsed to Smith Bros. as collateral security for the payment of the installment of one hundred dollars and for no other claim, but it was not warranted in finding that it was assigned without any valuable consideration. Under the rule established in this state an assignment of a negotiable instrument before maturity as collateral security for a pre-existing debt constitutes an indorsement for a valuable consideration sufficient to protect the purchaser thereof under the law-merchant against defenses to the note of which he has no notice at the time of the indorsement. (*Sackett* v. *Johnson*, 54 Cal. 109; *Russ etc. Co.* v. *Muscupiabe etc. Co.*, 120 Cal. 532, [65 Am. St. Rep. 186, 52 Pac. 995]; *Robinson* v. *Smith*, 14 Cal. 94; *Naglee* v. *Lyman*, 14 Cal. 450; *Payne* v. *Bensley*, 8 Cal. 260, [68 Am. Dec. 318].) The note signed by the plaintiff, payable to Greenwell, was negotiable in form, and the evidence shows without conflict that Smith Bros. had no notice of any fraud in procuring the signature or any other defense to the validity of the note. Even if the court gave full credit to the statements of Greenwell regarding the consideration for the indorsement, the appellants would be entitled to recover at least the sum of one hundred dollars, with interest, costs, and attorney's fees on their cross-complaint. The finding is, therefore, contrary to the evidence and the judgment should have been in favor of the cross-complainants for the amount we have stated, if no more.

The judgment is reversed.

Sloss, J., and Richards, J., *pro tem.*, concurred.