[Civ. No. 7584. First Appellate District, Division One.—September
19, 1931.]

TILDEN LUMBER AND MILL COMPANY (a Corpora-
tion), Respondent, v. BACON LAND COMPANY (a
Corporation) et al., Appellants.

690

Clarence A. Henning for Appellants.

Wilber S. Pierce and John G. Robertson for Respondent.

THE COURT.—The above action was brought to recover on a promissory note assigned to plaintiff corporation. The note with the indorsements thereon is in words and figures as follows:

"11,270.00 Oakland, California,
"September 10, 1926.

"On or before February 1st, 1928, we jointly and severally promise to pay to the order of Mark R. Monze and Beach C. Soule, Jr., the sum of eleven thousand two hundred and seventy dollars ($11,270.00) with interest thereon at the rate of six (6) per cent from date until paid. Interest payable at maturity.

"If the building that is now projected should be erected and completed upon that certain lot described as follows:

property situate on the eastern line of Franklin street distant thereon seven hundred and eighty-six (786) feet, two and one-half inches (2½) northerly from the point of intersection thereof with the northern line of Fourteenth street in the city of Oakland, on or before February 1st, 1928, the principal sum together with interest thereon of this note shall become due immediately upon completion of this building.

"In the event that suit is brought to collect this note or any part thereof we agree to pay such reasonable sum as the court may judge for attorney's fee.

"BACON LAND COMPANY, a Corporation,

"By (signed) L. C. FRASER, President,

"By (signed) THOS. F. WATSON, Secretary.

"(signed) JAMES T. NARBETT, Vice Pres.

" (signed) T. D. SEXTON,

" J. M. McKEE.

" CARL T. DOELL.

" ROBERT A. SHUEY.

"Oakland, California,

"November 5th, 1926.

"For a valuable consideration I hereby sell, assign and transfer all of my right, title and interest in and to the within note to Beach C. Soule, Jr., or order.

"(signed) MARK R. MONZE.

"Pay to order of Tilden Lumber and Mill Co.

"(signed) BEACH C. SOULE, JR."

The cause was tried before the court without a jury, and judgment was entered against defendants Sexton, McKee, Doell, Shuey and Bacon Land Company, a Corporation, each of whom has appealed from the judgment.

As grounds for the appeal it is contended that certain findings are unsupported; that the court erred in computing the amount of interest due on the note, and that plaintiff was not the real party in interest. The further claim is made of an irregularity in rendering and entering judgment, and that the demurrer of appellants Doell and Shuey should have been sustained.

Appellants attack the finding that they executed the note, claiming that there was no evidence of such execution.

The note—which purports to have been executed by them—was introduced in evidence without objection. As held in the following cases it is not competent for appellants, after having allowed the note to be introduced without objection and without attempting to impeach its genuineness or sufficiency, to raise upon appeal an objection which might have been obviated at the trial: *Burnett* v. *Lyford,* 93 Cal. 114, 116 [28 Pac. 855]; *Shain* v. *Sullivan,* 106 Cal. 208, 211 [39 Pac. 606]; *Snyder* v. *United Properties Co.,* 53 Cal. App. 428 [200 Pac. 366].

 The note provided that interest should be payable at maturity, and it is urged that there is no evidence of maturity and, consequently, no proof that interest was due.

The promise was to pay "on or before February 1st, 1928," but that "if the building that is now projected should be erected and completed" upon a certain lot described "on or before February 1st, 1928, the principal sum should become due immediately upon the completion of this building". This provision was clearly an acceleration clause, the note being due in any event on February 1, 1928. Such was the conclusion of the trial court, and its construction appears to us to be reasonable and consistent with the intent of the parties. In such cases the judgment of the trial court will not be set aside simply because another interpretation is possible. (*Manley* v. *Pacific Mill etc. Co.,* 79 Cal. App. 641 [250 Pac. 710].)

The court found that prior to the maturity of the note the same was for a valuable consideration indorsed and delivered to plaintiff and that it was and is the holder thereof; also that "the plaintiff herein at all the times mentioned in the complaint was and still is the owner and holder of said note". The evidence shows that the note was indorsed to plaintiff as a pledge to secure the payment to it of the debt of a third person of which the sum of $14,000 remained unpaid when the present action was brought. Plaintiff agreed to return the note to the indorsers when the debt should be paid. Appellants claim that under these circumstances plaintiff did not become the owner of the instrument and was not the real party in interest so as to authorize an action thereon in its name.

Whoever holds the legal title to a demand is the real party in interest and may sue thereon in his own name (*Iowa etc. Land Co.* v. *Hoag,* 132 Cal. 627 [64 Pac. 1073]; *Courtelyou* v. *Jones,* 132 Cal. 131 [64 Pac. 119]), and a pledgee of an evidence of debt or an assignee as security may maintain an action against the debtor without making the pledgor or assignor a party. (3 Cal. Jur., Assignments, secs. 41, 43, pp. 294, 296; 21 Cal. Jur., Pledges, sec. 42, p. 335.)

Appellants Doell and Shuey alleged as to themselves a want of consideration for the execution of the note but offered no evidence in support of their defense.

A pledgee is by reason of his interest as such an actual holder for value (*Pezzoni* v. *Greenwell,* 178 Cal. 649 [174 Pac. 60]; 19 Cal. Jur., Neg. Inst., sec. 51, p. 858; Civ. Code, sec. 3108), and every holder is deemed *prima facie* to be a holder in due course. (Civ. Code, sec. 3140.) Except where an indorsement bears date after the maturity of the instrument every negotiation is deemed *prima facie* to have been effected before the instrument was overdue. (Civ. Code, sec. 3126.) Moreover, the rule appears to be settled that a mere want of consideration does not operate to throw upon the holder the burden of proving that he or one under whom he claims acquired the title as a holder in due course, as section 3136 of the Civil Code, defining defective title, does not include want or failure of consideration. (19 Cal. Jur., Neg. Inst., sec. 177, p. 1042; 8 Cor. Jur., Bills and Notes, sec. 1294, pp. 987, 988, and cases cited; *Page* v. *Hallam & Co.,* 212 Ill. App. 462; *Wheat* v. *Goss,* 193 Ind. 558 [141 N. E. 311]; *Bank of Polk* v. *Wood,* 189 Mo. App. 62 [173 S. W. 1093]; *Title Guarantee & Trust Co.* v. *Pam,* 232 N. Y. 441 [134 N. E. 525]; *Cole Banking Co.* v. *Sinclair,* 34 Utah, 454 [131 Am. St. Rep. 885, 98 Pac. 411].)

The note failed to specify the period of time by which the rate of interest was to be calculated, but the court found that the interest was payable at the rate of six per cent per annum; and under the provisions of section 1916 of the Civil Code the finding was proper. (*Rogers* v. *Jones,* 92 Cal. 80 [28 Pac. 97].)

According to the findings the sum of $11,270 of the principal of the note, with interest thereon from September

10, 1926, to August 19, 1929, the date of the judgment, at the rate of six per cent per annum, remained unpaid, and the sum of $1250 was fixed as a reasonable attorney's fee. The correct amount of the interest on the note for the above period was $1989.15, but the amount as determined by the judgment was $2,316.30, a difference of $327.15, which error respondent concedes.

■ At the conclusion of the trial the court orally ordered judgment for the plaintiff, with attorney's fees in the sum of $500, which order was entered in the minutes. Appellants contend that the order was in effect a rendition of judgment as to the amount of the attorney's fees, which the court had no power to change.

There is no merit in this contention. The findings required by section 633 of the Code of Civil Procedure were not waived; and, as held in the following cases, the clerk's entry in the minutes of the court did not constitute a judgment but was only a record of a portion of the proceedings in the case. (*Crim* v. *Kessing,* 89 Cal. 478 [23 Am. St. Rep. 491, 26 Pac. 1074] ; *Aspegren* v. *Sherwood etc. Co.,* 199 Cal. 532 [250 Pac. 400] ; *Delger* v. *Jones,* 19 Cal. App. 197. [125 Pac. 258].)

■ Lastly it is claimed that the maturity of the note was not alleged, and consequently no cause of action was stated against appellants Doell and Shuey.

The note, which was set forth in the complaint, showed the date of maturity, and the general demurrer of these appellants was properly overruled. Nor do we find merit in the contention that their special demurrer on the ground of uncertainty should have been sustained, as it is apparent from the complaint that they could not have been thereby misled or their substantial rights affected. Where such is the case an error in overruling a demurrer for uncertainty is not ground for reversal. (*Grosetti* v. *Sweasey,* 176 Cal. 793 [169 Pac. 687] ; *Arena* v. *Bank of Italy,* 194 Cal. 195 [228 Pac. 441].)

With the one exception mentioned the conclusions of the trial court are fully sustained, and no error is shown which would justify a reversal of the judgment. It will be necessary, however, to modify the judgment by deducting therefrom the sum of $327.15 erroneously allowed as interest,

and as so modified the judgment is affirmed. It is further ordered that each party bear his own costs of appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1931.