[Civ. No. 1909.   Fourth Appellate District.—June 3, 1936.]

CITY LUMBER COMPANY (a Corporation) et al., Appellants, v. WILLIAM F. PARK et al., Defendants; CITIZENS NATIONAL TRUST & SAVINGS BANK (a Corporation) et al., Respondents.

Robert E. Abbott and John F. Poole for Appellants.

W. L. Pollard and H. E. Gleason for Respondents.

BARNARD, P. J.—In this action the plaintiffs sought to have their mechanic's liens declared prior and superior to the lien of a trust deed held by the defendant bank.

The defendant bank sold a lot to the defendant William F. Park, taking back a deed of trust securing a note for $1250, the balance of the purchase price. Shortly after that deed of trust was recorded Park and his wife gave to the defendant McKay a second deed of trust, securing a note for $8,000, which was recorded on January 13, 1931. Some time thereafter the plaintiffs furnished labor and materials in connection with a building being erected on the property, for which they later filed mechanic's liens.

The complaint, filed on October 30, 1931, alleged that materials had theretofore been furnished by the plaintiffs and verified claims of lien filed; that the $1250 trust deed above referred to had been recorded but that the same was wholly released and discharged on March 13, 1931; that the $8,000 trust deed above referred to was recorded on January 13, 1931, but that no consideration of any kind had been given therefor; that this $8,000 deed of trust had been recorded for the purpose of cheating and defrauding persons who furnished material and labor in the construction of a building upon the property; and that the claims of the plaintiffs were prior and superior to the purported claims of the defendants. The answer of the defendant bank denied the allegations of the complaint and as a separate defense alleged the execution and delivery to it by Park of a note for $1250; that for the purpose of securing this note the said McKay had endorsed and transferred to the bank the note for $8,000, together with the trust deed securing the same; and that the note for $1250 had not been paid in whole or in part.

The court found that the plaintiffs had furnished materials and labor of a certain value and had filed liens therefor; that the trust deed securing the $1250 note had been recorded but had been released and discharged on March 13, 1931; that a trust deed for $8,000 had been recorded on January 13, 1931, naming McKay as beneficiary; that this trust deed was given without consideration; that it was not true that this trust deed had been recorded for the purpose of cheating and defrauding persons who had furnished material in the

construction of a building on the property; that in March, 1931, the defendant Park executed and delivered to the defendant bank another note for $1250; that at the time of the execution of said note and for the purpose of securing the payment thereof the defendant McKay endorsed to and deposited with the defendant bank, as collateral security, the $8,000 note and trust deed referred to in the complaint; that the defendant bank took the last-mentioned note and trust deed as an innocent purchaser for value before maturity to the extent of $1250; that no part of the original debt of $1250 had been paid; and that the lien of the defendant bank is prior and superior to any interest of the plaintiffs or either of them. Judgment was entered in favor of the defendant bank decreeing that it had a lien upon the premises in question in the sum of $1250 together with interest and certain amounts expended in the preservation of its security, and that this lien is prior to any right or lien held by the plaintiffs. From this judgment the plaintiffs have appealed upon the judgment roll and a bill of exceptions.

From the evidence it appears that on or about March 13, 1931, at the request of Park and of McKay, the payee named in the $8,000 note, the respondent bank released its trust deed securing the balance due on the purchase price of the lot, and in lieu thereof took as security for its claim an assignment of the $8,000 note and trust deed. The essential question involved is whether the bank, in thus accommodating the other parties, lost its lien as against the appellants who now claim to have acquired mechanic's liens after the $8,000 trust deed was recorded but before the same was assigned to the bank.

The appellants argue that since the court found that the $8,000 trust deed was given without consideration the same was "lifeless and dead" at least until it was used as collateral and transferred to the respondent bank in March, and that since their liens had then attached the same are prior to the bank's lien. They rely on *Western Loan & Bldg. Co.* v. *Scheib*, 218 Cal. 386 [23 Pac. (2d) 745], as holding that where there is no debt there is no mortgage. A different situation is presented where such an evidence of debt, although without consideration between the parties thereto, has passed to an innocent holder for value. In *Hayward Lbr. & Inv. Co.* v. *Naslund*, 125 Cal. App. 34 [13 Pac. (2d) 775], this court said:

"In this connection appellant argues that 'there cannot be a mortgage if there is no debt or other obligation to be secured'; and that the absence of consideration for the note and trust deed in controversy was an absolute defense against Stapp, the beneficiary and holder of the note and trust deed, at the time appellant's materialman's lien accrued, because at that time the trust deed was 'only a piece of paper; . . . it did not secure a debt because there was no debt between the parties to the note, actually or in contemplation'. Such a contention has merit, no doubt, when applied to the parties to the original instruments and those holding under them with notice. It is without merit, however, when extended to *bona fide* purchasers for value, before maturity, without notice of any defects. As stated in section 3109 of the Civil Code, 'Absence or failure of consideration is matter of defense as against any person not a holder in due course; . . . ' Although, in the instant case, the note while in the hands of the payee was subject to impeachment for lack of consideration, still, even from the time of its execution, this instrument was not 'only a piece of paper', as contended by appellant, but it had a potential validity, which, by reason of the statute, became a real, enforceable instrument immediately upon being negotiated to an innocent purchaser for value, before maturity. Such transfer purged the instrument of any imperfections or defenses available to others than a holder in due course. (Jones on Mortgages, 7th ed., vol. 1, secs. 525, 612, 616; vol. 2, sec. 827a, p. 324.)"

It is not contended that the bank had any knowledge of any lack of consideration for the substituted security which it took, and there is nothing in the record to sustain such a contention if made. Under the circumstances shown, the bank took the $8,000 trust deed and note free from the defense suggested and was a holder in due course and for value to the extent of the claim for which it was given as security. (*Tilden Lbr. & Mill. Co.* v. *Bacon Land Co.*, 116 Cal. App. 689 [3 Pac. (2d) 350].) To that extent and for that purpose its lien dates from January 13, 1931, and is prior to the liens of the appellant.

The appellants further claim that they had a right to rely on the fact that there was a fund of $8,000 available for the payment of their bills for material and labor, and that they have an equitable lien on the full amount, and they

cite such cases as *Pacific Ready Cut Homes* v. *Title Ins.° & Tr. Co.*, 216 Cal. 447 [14 Pac. (2d) 510]. The line of cases referred to involves actions to subject the unexpended balance of a building loan to an equitable lien in favor of the holder of a mechanic's lien which has become worthless due to the amount of the prior encumbrances. No such right to an equitable lien was here pleaded and the entire matter of whether or not there is any balance which might be made available is not involved on this appeal. It would appear from the complaint, and the findings that the $8,000 note and trust deed were given without consideration, that no unexpended balance is available. In any event, such a theory cannot affect the respondent bank which, being a holder in due course and for value, has a prior lien to the extent of its claim under the $1250 note.

It may be added that it does not appear from the pleadings, the evidence or the findings, that the appellant's liens accrued before the $8,000 note and trust deed were assigned and delivered to the respondent bank.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.