## PARKE v. WILLIAMS.

The record of a judgment of another State, if certified in conformity with the act of Congress, is admissible in evidence in this State.

The Legislature has the constitutional power to require a less amount of proof than is set forth in the act of Congress.

A record also certified in conformity with the four hundred and fiftieth section of the Practice Act, would be admissible in the Courts of this State.

The Statute of Limitations of this State only commences running against a judgment from the time of the final entry thereof.

And where a judgment by confession was entered in Pennsylvania, which was afterwards opened, and a trial had, which resulted in judgment for plaintiff: *Held* that our Statute of Limitations did not commence running until the final entry, although, by the laws of Pennsylvania, the lien of the first judgment was not destroyed.

APPEAL from the District Court of the Twelfth Judicial District, in the County of San Francisco.

This was an action against the Appellant, Kinzer, on a judgment rendered against him, Watson, and one Williams, in the Court of Common Pleas, of Lancaster county, Pennsylvania. The judgment in this case was originally entered on the twenty-fifth of May, 1852. On the twenty-fourth of September, 1852, the judgment was opened, so to permit the defendants to set up their defense. On the twenty-second of January, 1855, the case was tried, and a judgment *nisi* entered; and on the thirtieth of April, 1855, the rule for a new trial was discharged. The judgment roll was certified in the following manner:

STATE OF PENNSYLVANIA, ⎱ ss.
    Lancaster County. ⎰

I, Joseph Bowman, prothonotary and clerk of the Court of Common Pleas, in, and for Lancaster, in the State of Pennsylvania aforesaid, do certify that the foregoing is a true and correct copy of the record and proceedings in the case of Benjamin Parke v. Edward C. Williams, William Watson, and George W. Kinzer, in the case as stated, as the same remains of record in my office. In testimony whereof, I hereunto set my hand and affix the seal of said Court, at my office, in Lancaster aforesaid, this third day of April, Anno Domini, 1856.

[L. S.]                       J. BOWMAN, Prothonotary.

STATE OF PENNSYLVANIA, ⎱ ss.
    Lancaster County. ⎰

I, Henry G. Long, Presiding Judge of the Court of Common Pleas, in and for the county of Lancaster, and State aforesaid, do certify that J. Bowman, Esq., whose name appears to the foregoing certificate, is the prothonotary and clerk of the said Court of Common Pleas, duly elected and qualified, and that full

faith and credit are, and ought to be given to all his official acts as such, and that his said certificate is in due form of law. In testimony whereof, I have hereunto set my hand, at Lancaster aforesaid, this third day of April, Anno Domini, 1856.

[L. S.]                                        H. G. LONG.

Plaintiff had judgment in the Court below, against the defendant Kinzer, who was the only one of the defendants served with process, who afterwards moved for a new trial, which being denied, he appealed.

*G. F. & W. H. Sharp,* for Appellant.

The appellant insists that the plea of the Statute of Limitations was a bar to the action. Statutes of Cal., 1855, p. 75.

By comity only can claims be enforced in foreign States, and the doctrine is well settled that a State has the power to limit the time to commence actions of this class, or even to take away the right entirely. Angell on Lim., § 65.

The language of that statute is, "has accrued or shall accrue." At the time of its passage, the judgment might have been enforced in this State, or, treating it as no judgment, an action might have been commenced on the bond itself. The cause of action, on either judgment or bond, had then accrued, and the statute, consequently, attached to either; and two years having elapsed after the cause of action accrued prior to suit brought, the statute furnishes a complete bar to a recovery.

The policy of the laws of this State is against the enforcement of such claims. Angell on Lim., § 23.

By the act of Congress of March 27, 1804, 2 U. S. Laws, 298, it is expressly provided, "that the certificate, if given by the presiding justice of a Court, shall be further authenticated by the clerk or prothonotary of said Court, who shall certify, under his hand and seal of office, that said presiding justice is duly commissioned and qualified, etc.

By inspection, it will appear that no such certificate of the clerk was ever made.

*J. D. Creigh* for Respondent.

The records of judicial proceedings of "the Courts of any other State of the United States may be proved or admitted in the Courts of California, by the attestation of the clerk, and the seal of the Court annexed, together with a certificate of the Judge, Chief Justice, or presiding magistrate, that the same is in due form"—the statute of California being a copy *verbatim* of the act of Congress. 7 Cranch, 408, Ferguson & Howard; 11 Wheaton, 407, United States *v.* Almedy.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

Parke v. Williams.

This was a suit upon a judgment obtained in the Court of Common Pleas for the county of Lancaster, in the State of Pennsylvania. The judgment was entered by the prothonotary, on twenty-fifth of May, 1852, on a bond and a warrant of attorney to confess a judgment, and on the fifteenth of August, 1853, the judgment was opened, and defendants let into a defence. Plaintiff then filed his declaration, to which defendants pleaded. A jury trial was had, on the twenty-second of January, 1855, and a verdict for plaintiff, and a judgment, *nisi*, entered by the clerk. On the 26th of January a motion was made for a new trial, which was overruled on the thirtieth of April, 1855. On the trial in the Twelfth District Court, plaintiff offered in evidence a certified copy of the record, attested in the manner required by the act of Congress of 1790, and by the four hundred and fiftieth section of our Practice Act. The defendants objected to the introduction of this copy, upon the ground that it was not attested by the certificate and seal of the prothonotary, stating that the presiding justice was duly commissioned and qualified, etc., as required by the act of Congress of 1804.

Under the provisions of the first section of the fourth article of the Constitution of the United States, it is competent for Congress to prescribe the manner in which the public acts, records, and judicial proceedings of the several States shall be proved, and the effect thereof. While it is clear that a Legislature of a State could not require a greater amount of proof than that prescribed by act of Congress, it would seem clear that a statute of a State may require *less*, and that such an act would not be in derogation of the Constitution of the United States. This renders it unnecessary to examine the question whether the act of Congress of March 27, 1804, has reference to the records of judicial proceedings. 1 Cal. R., 428.

Another question raised by defendants was the Statute of Limitations. By the amendatory act of April 2, 1855, " an action upon a judgment, contract, or obligation, or liability for the payment of money or damages, executed or made out of this State, can only be commenced within two years from the time the cause of action has accrued or shall accrue."

The defendant, Kinzer, insists that the cause of action in this case accrued when the judgment was entered by the prothonotary, in May, 1852. This would clearly seem to be erroneous. The practice in Pennsylvania is peculiar. The opening of a judgment does not destroy the lien under it, but it deprives the judgment of its maturity for execution. 8 Watts, 426. It is not then a judgment within the meaning of our statute, upon which an execution could issue, or an action be maintained, after it was opened, and before it was closed again. The cause of action, in this case, could only accrue upon the judgment rendered after the verdict.

As to the question, whether our Statute of Limitations will run upon a liability in another State, *before* the defendant becomes a resident of this State, it is unnecessary to express any opinion.

We can see no error in the judgment or proceedings of the Court below, and as this appeal seems to have been taken for delay, the judgment of the District Court is affirmed, with fifteen per cent. damages, and costs of appeal.