# BERNARD STOUT AND JOSEPH S. SHUSTER v. OLIVER C. COFFIN.

VARIANCE BETWEEN COMPLAINT AND PROOF.—The rule that the *allegata* and *probata* must correspond is not abrogated by the Civil Practice Act. The plaintiff must prove his contract as alleged in his complaint, or he is not entitled to recover.

ALLEGATA AND PROBATA TO CORRESPOND.—If the complaint charges that the defendant received goods as a common carrier and warehouseman, to be stored by him, and by the next boat to be by him shipped and carried and conveyed to the place of destination, and to be by him there safely delivered to the plaintiffs, proof that defendant received the goods in his warehouse as bailee, and shipped them according to plaintiffs' directions, does not entitle plaintiffs to recover.

SAME.—In such case plaintiffs cannot recover without proof that the defendant contracted to convey the goods.

APPEAL from the District Court, City and County of San Francisco.

Plaintiffs recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*S. F. & J. Reynolds*, for Appellant.

*Crockett & Whiting*, for Respondents.

By the Court, RHODES, J.

The plaintiffs sue to recover the value of goods which they allege they delivered to the defendant, to be shipped to the County of Fresno, and which the defendant received as a " common carrier, warehouseman and forwarding merchant," to be safely and securely taken, stored and kept by him, " and by the boat next departing from the said Town of Martinez to be safely and securely taken and conveyed, or caused to be conveyed by the said defendant, for the said plaintiffs from the said Town of Martinez to the County of Fresno, in the State aforesaid, and then and there, at the said County of Fresno, to be safely and securely delivered by the defendant, his servant or agents, to the said plaintiffs, for a certain reward, to be paid by the said plaintiffs to the said defendant therefor."

The breach alleged, is that the defendant neglected and refused to store and safely keep the goods, and neglected and refused to convey, or cause to be conveyed, the goods from Martinez to Fresno County, or there to be delivered to the plaintiffs, but wrongfully and negligently permitted them to be taken and carried away by persons to the plaintiffs unknown, and neglects and refuses to deliver them to the plaintiffs.

The defendant denies that he was a warehouseman or forwarding merchant, or that he was a common carrier, except by his ferryboat between Martinez and Benicia, and denies all the allegations of the complaint respecting the contract and his receipt of the goods, and denies that he permitted them to be taken or carried away, because he says he never had the charge or custody of the goods.

The defendant requested the Court to give the following instruction to the jury : " Before the jury can rightfully render a verdict in favor of the plaintiffs against the defendant, it must be found and determined from the evidence that defendant contracted with plaintiffs to carry, or cause to be carried, the goods mentioned in the complaint, from Martinez in Contra Costa County, to the County of Fresno." The Court refused the instruction, and the defendant excepted, and now assigns the refusal as error.

The words " carry or cause to be carried " employed in the instruction, are of similar import to the words " conveyed or caused to be conveyed " as used in the complaint. The respondents object to the instruction, on the ground that it assumes that it was incumbent on them to prove, that the defendant undertook to transport the goods from Martinez to Fresno, and say that the gist of the action is that the defendant received the goods as a bailee for shipment to a specified place, instead of which he allowed them to be taken away and lost. One of the material issues of fact raised by the pleadings, is whether the plaintiffs and defendant entered into the contract mentioned in the complaint ; and a material and substantial portion of the contract was, that the goods were to be " taken and conveyed or caused to be conveyed by the said defendant "

from Martinez to Fresno County.    There can be no doubt that
the complaint states a contract to convey, and this is the more
apparent when the allegations in that respect are read in con-
nection with the allegation that the goods were "to be safely
and securely delivered by the defendant, his servant or agents,
to the plaintiffs" at Fresno, and that the defendant was a com-
mon carrier.    The gist of the action is that the defendant lost
the goods he received under contract not only to ship them,
but also to carry or convey them to their destination.    The
instruction is but an expression of the familiar rule of evidence
that the plaintiffs must prove the contract as alleged in their
complaint, otherwise they are not entitled to recover in the
action.    (1 Phil. Ev., C. H. and E. Notes, 864, Note 240.)
Proof that the defendant was to convey the goods, is as essen-
tial to maintain the action as proof that he received or was to
deliver the goods—in fact, without such proof the contract
alleged would be a materially different one from that proven.
The rule that the *probata* must correspond with the *allegata*
is not abrogated by the Practice Act.    The case affords a good
illustration of the propriety and necessity of the rule that the
proof must correspond with the substantial allegations of the
pleadings.    The evidence tends to prove that the goods were
shipped according to the plaintiffs' directions on a steamer,
and were lost while in charge of the persons who were con-
veying them, and if the evidence had, in the opinion of the
jury, amounted to proof of those facts, no recovery could be
had against the defendant for the loss of the goods, without
proof that he contracted to convey them.

The consequences of a variance between the averments in
a pleading and the proof are the same under our system of
practice as at common law, except that they may be, to a great
extent, obviated by amendments to the pleadings, which are
allowed with great liberality.    The allegations made in setting
out the contract, that the defendant undertook to convey, or
caused to be conveyed, the goods to their destination, are not
of the class that are usually denominated impertinent, and
which may be struck out as surplusage, and of which proof

is not required, but they form the very substance of the contract, and must be proved. (1 Phil. Ev., C. H. and E. Notes, 845, and Note 240.)

Judgment reversed and cause remanded for a new trial.

Mr. Justice CURREY, having been of counsel, did not sit in this case.

SANDERSON, C. J., concurring specially.

Excessive damages was one of the grounds upon which a new trial was claimed in this case. The true measure of the damages was the value of the goods and lawful interest thereon. The value of the goods, according to the allegations of the complaint and the evidence (in which there is no conflict) was three hundred and fifty-five dollars. Lawful interest upon that sum, from the time at which the goods were lost up to the date of the trial is ninety-two dollars and forty-five cents (if I have made no error in the computation;) making the true amount which the plaintiffs were entitled to recover, if at all, four hundred and forty-seven dollars and forty-five cents. Yet the jury found a verdict for five hundred and fifty dollars, which was too much by one hundred and two dollars and fifty-five cents. For this reason I concur in the judgment reversing and remanding the case for a new trial.

Mr. Justice SAWYER expressed no opinion.