### WELLS, FARGO & CO. v. VANSICKLE.

(Circuit Court, D. Nevada. December 12, 1894.)

No. 580.

PROMISSORY NOTE—LAW OF PLACE.

A promissory note is not complete until it has been delivered, and the place of the contract evidenced by such note does not depend upon where the note is dated, but upon the place where it is delivered, which may be shown by parol evidence, though the note is dated elsewhere.

This was an action by Wells, Fargo & Co. against P. W. Vansickle upon a promissory note. The case was tried by the court without a jury.

J. L. Wines, for plaintiff.

D. W. Virgin and Trenmor Coffin, for defendant.

HAWLEY, District Judge (orally). This is an action at law upon a promissory note which reads as follows:

"$4,000.00.　　　　　　　　San Francisco, Cal., March 29, 1887.

"Two years after date, for value received, I promise to pay to the order of W. W. Lapham, at Wells, Fargo & Co.'s Bank, in this city, in gold coin, four thousand dollars, with interest, in like coin, from the date hereof, at the rate of one per cent. per month until paid; payable monthly, and, if not so paid, to become part of the principal, and bear like rate of interest.

"P. W. Vansickle."

This note, before maturity, was, for value received, transferred and assigned to plaintiff. Two defenses are made to this note: (1) Statute of limitations; (2) payment.

1. The first contention of defendant is that the note sued upon is, upon its face, a California note; that it is barred by the statute of limitations of the state of California (section 337, Code Civ. Proc.), and by the statute of limitations of the state of Nevada (section

3661, Gen. St. Nev.), and that no evidence is permissible to change or vary the terms of the note, as to its place of execution, etc.

The statute of this state provides that:

"An action upon a judgment, contract, obligation, or liability for the payment of money, or damages obtained, made, executed, or incurred out of this state can only be commenced as follows: * * * Third. Within two years * * * after the cause of action accrued."

The amended complaint alleges that at the time of the execution and delivery of the note the defendant was a resident of the state of Nevada, and that W. W. Lapham was a resident of the state of California; that the note, although dated "San Francisco, Cal.," was actually drawn up, signed, executed, and delivered in Carson City, Nev.

W. W. Lapham testified, in relation to the blank form and of the execution and delivery of the note, as follows:

"We made the arrangements in Genoa, and went down to Carson City to get the paper executed. The indebtedness was contracted at Carson City. I was dealing with Wells, Fargo & Co., and borrowing money of them, etc., and I had those blanks with me. It was a Nevada contract. I said to him [defendant], 'You will have six years after maturity.' The law there is six years. So he must have understood it to be a Nevada contract. * * * I used the blanks as a convenience, because I had dealings with Wells, Fargo & Co.'s Bank, and in case I was not at Carson he could send the money to Wells, Fargo & Co.'s Bank, in San Francisco, where the note was made payable. It was understood that this was a Nevada contract. * * * I wanted the note payable in San Francisco, at Wells, Fargo & Co.'s, and so used the bank's form of note."

Defendant testified that the note was executed and delivered in Carson City, Nev., but that it was the understanding that it should be a California contract, so as to enable Lapham, in the event the interest was not promptly paid, to collect compound interest thereon, which was not allowable upon contracts made in the state of Nevada.

I am of opinion that parol evidence is admissible to show that, notwithstanding the printed words, "San Francisco, Cal.," upon the face of the note, the note was actually made, executed, and delivered in Carson City, Nev. A promissory note is not complete until it has been delivered, and it takes effect only from the time of its delivery. The place of a contract evidenced by a promissory note does not depend upon where the note is dated, but upon the place where it is delivered. It is the delivery of the note that consummates the contract. 1 Daniel, Neg. Inst. § 865; 1 Pars. Bills & N. 48; 2 Am. & Eng. Enc. Law, 330; Lawrence v. Bassett, 5 Allen, 140; Overton v. Bolton, 9 Heisk. 762; Gay v. Rainey, 89 Ill. 225; Woodford v. Dorwin, 3 Vt. 82; Fritsch v. Heisler, 40 Mo. 555; Flanagan v. Meyer, 41 Ala. 132; King v. Fleming, 72 Ill. 21; Tied. Com. Paper, §§ 34b, 34c. "Commercial paper takes effect only from the time of delivery, and where there is a date given in the paper the delivery is presumed to have been made * * * on that date. * * * But this presumption may be rebutted, and it may be shown by parol evidence that the paper had been delivered on some other day." Id. § 34b. In Davis v. Coleman, 7 Ired. 424, a note

made in North Carolina was delivered in Georgia for a loan there made, and it was held to be a contract made in Georgia. In Hyde v. Goodnow, 3 N. Y. 266, two notes signed in Ohio were void by the law of that state, but, being delivered in New York, it was held that the place of delivery controlled the contract, as to its validity. The contract in the case under consideration was not "obtained, made, executed, or incurred out of this state," and does not come within the provisions of the statute of limitations of Nevada, heretofore quoted.

2. The defense of payment is not sustained by the evidence. The weight and preponderance of evidence on the merits are in favor of plaintiff. Judgment is therefore ordered in favor of plaintiff for the sum of $4,000, with interest thereon from March 29, 1887, at the rate of 1 per cent. per month,—all payable in gold coin,—and for costs.