[No. 15738. Department One.—March 8, 1895.]

JOSEPH E. SHAIN, RESPONDENT, *v.* JOHN L. SULLIVAN ET AL., APPELLANTS.

ACTION UPON PROMISSORY NOTE—PROOF OF INDORSEMENT TO PLAINTIFF.— In an action upon a promissory note it is sufficient evidence of the title of the plaintiff as indorsee, that the names of the payees were written upon the face of the note at the left-hand end thereof, instead of being written upon the back of the note.

ID.—MODE OF INDORSEMENT.—The ordinary mode of indorsing a note is by the indorser writing his name upon the back thereof, but the indorsement may be made upon the face of the note with the same effect as if made upon the back; and, under section 3108 of the Civil Code, it is sufficient to constitute an indorsement, that the name of the indorser be written upon the negotiable instrument, otherwise than as a maker or acceptor, and that it be delivered with his name thereon.

ID. — PROOF OF DELIVERY AND TITLE.— The production of the note by plaintiff is evidence to show its delivery to him, and of his right to col-

lect it from the defendants, where it appears that the names of the payees were written by them upon the instrument.

ID.—EVIDENCE—GENUINENESS OF INDORSEMENT—FAILURE TO OBJECT.— Where no objection was made to the indorsement of the names of the payees when the instrument was offered in evidence, upon the ground that there was no proof of the genuineness of the indorsement, such ground of objection is waived.

ID.—APPEAL—WAIVER OF OBJECTION TO EVIDENCE.—A party cannot allow evidence to be introduced at the trial without objection, and afterward, upon an appeal, make an objection which might have been obviated if he had made it when the evidence was offered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Henry E. Highton,* for Appellants.

It was essential, in order to entitle the plaintiff to recover, that he should allege and prove an indorsement of the note by the payees, and, no such proof having been made, the plaintiff failed in his case and was not entitled to recover, and the finding that the note was indorsed by the payees was not justified by the evidence. (2 Greenleaf on Evidence, 14th ed., 163; *Grogan* v. *Ruckle,* 1 Cal. 158; *Youngs* v. *Bell,* 4 Cal. 201; *Mahe* v. *Reynolds,* 38 Cal. 560.) The defendants were entitled to set up as many defenses as they might have, though the same might be inconsistent, one with the other, and the admission, if any, of an indorsement in one defense did not waive a denial of an indorsement in another defense, or in any way dispense with the necessity of proof of the indorsement. (Pomeroy's Remedial Rights and Remedies, 2d ed., sec. 722; *Youngs* v. *Bell,* 4 Cal. 201; *Klink* v. *Cohen,* 13 Cal. 623–25; *Uridias* v. *Morrell,* 25 Cal. 31, 36; *People* v. *Stratton,* 28 Cal. 382, 387; *Siter* v. *Jewett,* 33 Cal. 92, 96, 97; *Nudd* v. *Thompson,* 34 Cal. 39, 46–48; *Buhne* v. *Corbett,* 43 Cal. 264, 268, 269; *Billings* v. *Drew,* 52 Cal. 565, 567; *Botto* v. *Vandament,* 67 Cal. 332.)

*Vincent Neale,* for Respondent.

HARRISON, J.—Action by the plaintiff as the indorsee of a promissory note executed by the defendants. A copy of the note is set out in the complaint, and its execution is not denied by the defendants, but in their answer they deny the indorsement to the plaintiff, and in a separate answer allege certain matters impeaching the consideration of the note. The case was tried without a jury, and the court found that the note had been indorsed to the plaintiff for value prior to its maturity, and rendered judgment in his favor. The defendants moved for a new trial upon the ground that the evidence was insufficient to justify the decision, and from the order denying their motion, and also from the judgment, they have appealed.

At the trial the plaintiff introduced in evidence the promissory note set forth in the complaint, upon the face of which, at the left-hand end thereof, was written the names of the payees. No objection was made to the introduction of this instrument when it was offered, and it is recited in the statement that the whole of the face of the paper was read in evidence. No other evidence was offered by either party, except the computation of the amount of interest due upon the note; and the court rendered its decision as aforesaid.

The failure to deny the execution of the note rendered it unnecessary to make any proof thereof, and, as the defendants offered no evidence in support of the matters alleged in their special defense, the only issue before the court was the indorsement of the note to the plaintiff. The ordinary mode of indorsing a note is by the indorser writing his name upon the back thereof, but the indorsement may be made upon the face of the note with the same effect as if made upon the back. (Bigelow on Bills and Notes, 135; *Young* v. *Glover,* 1 Ames' Cases on Bills and Notes, 228; Chitty on Bills, 227; *Herring* v. *Woodhull,* 29 Ill. 92; 81 Am. Dec. 296; *Partridge* v. *Davis,* 20 Vt. 499; *Haines* v. *Dubois,* 30 N. J. L.

259.)   In the case last cited the payee wrote his name under that of the maker, and it was held to be a sufficient indorsement.     Section 3108 of the Civil Code declares: " One who writes his name upon a negotiable instrument, otherwise than as a maker or acceptor, and delivers it with his name thereon to another person, is called an indorser, and his act is called indorsement." The production of the instrument by the plaintiff was evidence of its delivery to him, and, upon proof of the indorsement, of his right to collect the same from the defendants.

The objection that there was no proof of the genuineness of the indorsement should have been made when the instrument was offered in evidence. (*Poorman* v. *Mills*, 35 Cal. 121; *Burnett* v. *Lyford*, 93 Cal. 117.) If the objection had been made at that time the plaintiff might have been able to meet it with sufficient proof. A party cannot allow evidence to be introduced at the trial without objection, and afterwards upon an appeal make an objection which might have been obviated if he had made it when the evidence was offered.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, concurred.

Hearing in Bank denied.