[Sac. No. 1043.   Department Two.—April 29, 1904.]

JACOB HIGGINS, Appellant, v. W. M. GRAHAM, Respondent.

PROMISSORY NOTE—EXECUTION OUT OF STATE—STATUTE OF LIMITATIONS —CONSTITUTIONAL LAW.—The statute of limitations of two years applicable to a promissory note executed out of the state, under subdivision 1 of section 339 of the Code of Civil Procedure, is valid, and not in conflict with the provisions of the federal constitution relating to the regulation of commerce, nor of the fourteenth amendment thereof, relating to the rights of citizens of the United States in the several states.

ID. — ACTION UPON NOTE — PLEADING — CONSTRUCTION — WRITTEN ACKNOWLEDGMENTS—SUFFICIENCY OF DENIAL—FAILURE OF PROOF— PLEA OF STATUTE.—Where the complaint in an action upon such note, in order to take the case out of the statute, alleged various acknowledgments by the defendant of his indebtedness on the note, setting them out in hæc verba, it is to be construed as alleging written acknowledgments, with a description of their identity; and an answer denying each acknowledgment in the words alleged, and also denying that by any of the promises and acknowledgments set out in the complaint defendant promised to pay any indebtedness upon said note, sufficiently denies the acknowledgments, and upon failure of the plaintiff to prove the same, the defendant's plea of the statute of limitations must prevail.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion.

Jones & Park, and Jones, Park & Jacobs, for Appellant.

Hudson & Pryor, for Respondent.

SMITH, C.—This suit was brought on a promissory note, dated July 30, 1896, and due two months after date, for the sum of three hundred and seventy-five dollars. The defendant had judgment, from which and from an order denying his motion for a new trial the plaintiff appeals. The only question involved is as to the statute of limitations, and this turns entirely upon the effect of the pleadings, findings, and judgment. The note is set out in the complaint, and on its face appears to have been executed at Pittsburg, Pennsylvania. The complaint was filed September 5, 1901, more

than five years after the maturity of the note; but in explanation of the delay several acknowledgments of the indebtedness are alleged, of dates, respectively, October 14, 1897, June 15, 1898, November, 1899, May, 1901, July, 1901. The allegation of the first acknowledgment is: "That on or about the fourteenth day of October, 1897, defendant acknowledged to plaintiff his (defendant's) said indebtedness upon the said promissory note in the words following to wit: 'This (referring to the said note) is a just debt. You have accommodated me and I will pay it.'" The allegations of the other acknowledgments are in similar form; and it is further alleged "that by each and all of his said words, promises, and acknowledgments hereinbefore alleged, defendant meant and referred to and acknowledged and promised to pay to plaintiff his, the said defendant's, indebtedness upon the said promissory note." The answer, referring to the several acknowledgments, denies as to each that defendant ever "acknowledged to plaintiff his indebtedness upon the promissory note set out in the plaintiff's complaint in the following words"—and so on, as in the complaint. It denies also that "by any of the promises and acknowledgments claimed to have been made by defendant, and set out in plaintiff's complaint, he promises to pay any indebtedness upon said promissory note." Finally subdivision 1 of section 339 of the Code of Civil Procedure is pleaded in bar of the action. The findings are, that plaintiff's cause of action is barred by the statute of limitations as alleged: "That [as to each of the alleged acknowledgments] it is not true that on [the day named] or at any other time, or at all, defendant acknowledged to plaintiff his indebtedness upon the promissory note set out in the plaintiff's complaint in the following words," etc., as in the complaint; and finally, "that it is not true that at any time or at all defendant ever made an acknowledgment or acknowledgments admitting his obligation to pay said note, or that he ever agreed or promised to pay the same." On the trial no evidence was offered by the plaintiff; and none by the defendant, except to the effect that he was a resident of the state of Pennsylvania until the summer of 1897, and since then has been a resident of the city of Los Angeles. The position of the appellant is, that the allegations of the complaint as to the several ac-

knowledgments made by the defendant are not effectually denied, and hence that, upon the admitted facts, the case comes within the saving clause of section 360 of the Code of Civil Procedure; or, failing this, that the provision in question is repugnant to section 8 of article I of the federal constitution, relating to the regulation of commerce, and to section 2 of article IV, and the fourteenth amendment, relating to the right of citizens of the United States in the several states.

The latter point may be disposed of by saying that we do not perceive how any of the constitutional provisions cited can be regarded as applicable to the case. The provision in question, or legislation of a substantially similar character, has existed in this state for more than half a century (Hittell's General Laws; Stats. 1852-1861; Stats. 1865-1875); and though repeatedly before this court, the constitutionality of such legislation has never been questioned. (*Patten* v. *Ray,* 4 Cal. 287; *Park* v. *Williams,* 7 Cal. 247; *Scarborough* v. *Dugan,* 10 Cal. 305; *Palmer* v. *Shaw,* 16 Cal. 93; *Dorn* v. *Thornburgh,* 90 Cal. 66;[1] *Harrigan* v. *Home Life Ins. Co.,* 128 Cal. 543.)

With regard to the former point, the position of the appellant is, that the denials in the answer are pregnant with an admission in each case of an acknowledgment of the debt in some other words than those charged. (Code Civ. Proc., sec. 437, Pomeroy's ed., p. 220 et seq., and authorities cited); and hence that the allegations of the complaint are to be taken as substantially admitted. To this it is replied by the respondent that the complaint is to be construed as averring that the promises or acknowledgments alleged were made in writing; and hence that, under familiar rules of pleading, it was sufficient to deny the writings alleged.

Of the respondent's contentions, the first is clear; for otherwise, under section 360 of the Code of Civil Procedure the alleged acknowledgements would be immaterial. The facts alleged are therefore, in effect, simply that the defendant made or executed the several writings, or, we may say, written instruments described. Such being the case, the material fact alleged in each of the allegations was the making of the written promise or acknowledgment set up, and it was sufficient for the defendant to deny this, which he, in

[1] 25 Am. St. Rep. 100.

effect, did in denying that he ever made any of the acknowledgments in the words alleged. For if these denials could be construed as admitting acknowledgments of the debt, in other words, this would be simply an admission of writings other than those alleged, which under familiar rules of practice would be variant from the writings alleged, and therefore immaterial. (1 Chitty on Pleadings, 312, 318; 1 Greenleaf on Evidence, sec. 69, *ad fin.*) This rule has always been applied with peculiar strictness to cases where, as here, the tenor of the writing, or, in other words, its language, is pleaded; the words, in such cases, being regarded as "descriptive of the identity" of the writing alleged. (1 Starkie on Evidence, 628; *Regina* v. *Drake,* 2 Salk. 660; *Clark* v. *Phillips,* Hemp. 294; 28 Am. & Eng. Ency. of Law, p. 50, and note; and see, also, recitals in the statutes cited 2 Saunders on Pleading and Evidence, 1189 et seq., title "Variance.") The doctrine of variance has indeed been greatly mitigated in its application by the English statutes cited, and in this state by the provisions of the Code of Civil Procedure. (Secs. 469-474.) But the former operate only by providing for amendments, and the latter mainly in the same way— though also modifying the rules of evidence. Otherwise, the doctrine remains unaffected, and is indeed recognized and affirmed by the curative statutes themselves. The rule therefore is "the same under our system of practice as at common law," except in so far as the consequences of a variance may, under the statutes, be obviated at the trial. (*Stout* v. *Coffin,* 28 Cal. 67.) The case is therefore the same as that of a suit on a promissory note—the complaint alleging that on a day named "the defendant executed his promissory note in the words and figures following," etc. Here a simple denial of the execution of the alleged note would be sufficient (Code Civ. Proc., secs. 447-448); and a denial that on the day named, or at any other time, the defendant "executed the promissory note set out in the complaint,"—or "a promissory note in the words and figures set out in the complaint," or "in the words and figures following," etc., would be precisely equivalent.

We advise that the judgment and order appealed from be affirmed.

Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.