[Civ. No. 747. Second Appellate District.—March 10, 1910.]

## A. S. LOUD, Appellant, v. JAMES R. COLLINS et al., Defendants; JOHN W. KEMP and W. A. ALDERSON, Respondents.

NOTE EXECUTED OUT OF STATE—STATUTE OF LIMITATIONS.—A note executed and delivered out of the state is barred in two years from the date of its delivery.

ID.—NOTE SIGNED BY TWO MAKERS AND DATED IN THIS STATE—THIRD MAKER OUT OF STATE—DELIVERY TO PAYEE BY MAIL.—A note signed by two makers and dated in this state, but not delivered to the payee, a third maker being required to sign it out of the state, who was requested to mail it, when signed, to the payee in this state, was executed and delivered out of the state, within the meaning of the statute of limitations.

ID.—PAROL EVIDENCE TO SHOW PLACE OF DELIVERY.—Where such note purports to be signed and dated by all three makers at Los Angeles, in this state, parol evidence is admissible to show that it was in fact executed and delivered out of the state.

ID.—DELIVERY OF NOTE ESSENTIAL TO OBLIGATION.—The delivery of a note is the final act essential to the consummation of its obligation, and the actual place of its delivery may always be proved, though differing from the venue appearing upon its face.

ID.—EFFECT OF DESIGNATION OF VENUE IN DATE LINE—PRIMA FACIE EVIDENCE.—The effect of the designation of the venue in the date line of the note is *prima facie* evidence only of the fact when disputed; and in the absence of facts constituting an estoppel, the note may be shown to have been delivered at a different place out of the state.

ID.—RULE AS TO DEPOSIT IN POSTOFFICE—DELIVERY.—The general rule is that the depositing of a note in the postoffice, addressed to the payee with his assent, constitutes a delivery thereof. Under the circumstances of this case, when the note was finally executed in Chicago, and there addressed to the payee, and mailed to his address in this state with his assent, the delivery took place in the state of Illinois.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

H. S. Rollins, for Appellant.

Frank G. Finlayson, and Elon G. Galusha, for Respondents.

SHAW, J.—This is an action to recover $1,300 and interest at the rate of five per cent per month, compounded monthly, alleged to be due and unpaid upon a promissory note dated, "Los Angeles, Cal., January 17th, 1903," made payable generally to Watson & Company, by whom it was transferred for collection to plaintiff. Judgment went against defendant Collins by default. Defendants Kemp and Alderson answered, alleging, among other defenses, that the action was barred by section 339, subdivision 1, Code of Civil Procedure. Among other things, the court found: "The note sued on in this case and set out in the complaint was not executed until it was deposited by the defendant Alderson in the postoffice in Chicago, in an envelope directed to John W. Watson, and was therefore executed out of the state of California, and in the state of Illinois, and is barred by section 339, subdivision 1, of the Code of Civil Procedure of the state of California."

Judgment followed in favor of defendants Kemp and Alderson. From this judgment, and an order denying his motion for a new trial, plaintiff appeals.

Appellant's contention for a reversal is based solely upon the ground that this finding of the court is unsupported by the evidence, his claim being that the note was executed in this state. Section 339, subdivision 1, Code of Civil Procedure, prescribes the time for the commencement of actions founded upon instruments of writing executed out of the state to be within two years. The complaint herein was filed a few days prior to the expiration of four years after the note matured. If, therefore, it was executed out of the state, as claimed by respondents, then, clearly, the cause of action thereon was barred. (*Higgins* v. *Graham,* 143 Cal. 131, [76 Pac. 898].)

While there is some conflict in the evidence, it clearly tends to show the following facts: Collins desired to borrow $1,100, and he and Kemp went to the office of Watson & Company, whose calling was that of lending money, and applied for

the loan. As security for the payment of same Collins proposed to assign to Watson an interest in a certain oil venture, which he held with Alderson, and also have Alderson, who resided in Chicago, sign the note. Watson declined to make the loan upon the security then offered, but during the negotiations proposed to loan the money upon a note signed by all three of the defendants, provided he received an assignment of an interest equal to the sum of $500 in the oil venture, and, in addition to this and the interest reserved in the note, received also a bonus of $200. Collins and Kemp assented to this proposition, and in accordance with this agreement Collins and Kemp, at Los Angeles, California, signed and delivered to Watson a note identical in form with the one set out in the complaint, and Collins attached his signature to an instrument whereby he assigned to Watson the said interest in the oil venture, which, however, it seems, had to be approved or accepted by Alderson. At the same time with the making and delivery of this note so executed by Collins and Kemp, they also signed the note upon which this action is based, and this last-mentioned note, together with the assignment of the oil interest, and letters written by Collins and Kemp to Alderson, requesting him to sign the note and return same to Watson, were, with an envelope addressed, "John W. Watson, 322 Los Angeles Trust Building, Los Angeles, California," all inclosed in an envelope, which was addressed to Alderson at Chicago, and by Watson deposited in the United States postoffice at Los Angeles. At the same time Watson paid to Kemp for Collins the sum of $1,100, the amount agreed to be advanced on the $1,300 note. Alderson received the note and other papers so forwarded to him through the United States mail, and, after signing his name to the note, inclosed it in the self-addressed envelope to John W. Watson, which had been sent to him for such purpose, and deposited it in the postoffice at Chicago, all in accordance with the understanding and agreement had between Collins, Kemp and Watson. Watson received it in due course of mail, and thereupon delivered to Collins and Kemp the note which they alone had signed, as above stated. Says Mr. Kemp in his testimony: "The agreement with Mr. Watson and Mr. Collins was that Mr. Collins should sign the note, that I should sign the note, and that it should be sent to

Mr. Alderson in Chicago to be signed by him and then returned to Mr. Watson.'' In our opinion, this evidence fully sustains the finding.

The place where the contract was written, signed or dated does not necessarily fix or determine the place where it was executed. Delivery of the instrument is the final act essential to its consummation as an obligation. (Civ. Code, sec. 1626; *Barrett* v. *Dodge,* 16 R. I. 740, [27 Am. St. Rep. 777, 19 Atl. 530].) The place of delivery is the place of execution, and, in the absence of matters constituting an estoppel, this fact may be established by parol evidence, notwithstanding a venue other than that shown to exist is designated in the date line of the instrument. Such designation is *prima facie* evidence only of the fact when disputed. (*Wells, Fargo & Co.* v. *Vansickle,* 64 Fed. 944.) It is, therefore, immaterial that Kemp and Collins signed the note in this state.

The general rule is that depositing a note in the postoffice addressed to the payee with his assent is a sufficient delivery thereof. (Daniel on Negotiable Instruments, sec. 67; *Barrett* v. *Dodge,* 16 R. I. 740, [27 Am. St. Rep. 777, 19 Atl. 530]; *Ivey* v. *Kern County L. Co.,* 115 Cal. 196, [46 Pac. 926]; *Bank of Yolo* v. *Sperry Flour Co.,* 141 Cal. 314, [74 Pac. 855].) Appellant concedes this proposition, but insists that it should be limited to those transactions directly conducted by the parties through the medium of the postoffice, that is, where one party makes the proposal and the other accepts by signing and transmitting the contract. Accepting his view, the facts do not bring this case within the exception for which he contends. Watson proposed to lend the money in consideration that each of the parties should obligate himself by written contract to repay the same with the agreed interest. The fact that he did not directly communicate this proposal to Alderson is immaterial. It was sufficient that it was communicated to him, as intended by Watson, through Kemp and Collins, as a proposition made by Watson to all three defendants, and which, in order to constitute a contract, must be accepted by all three. While Watson himself did not write the letters to Alderson, submitting his proposal, the action taken by Kemp and Collins in submitting it was with his knowledge and consent. It was clearly his intention, implied from his acts, that if his offer, which

had been agreed to by Collins and Kemp, was accepted by their codefendant Alderson, the latter, at Chicago, Illinois, should attach his signature to the note theretofore signed by Kemp and Collins, but not delivered, and inclose the same in the self-addressed envelope sent with the note for such purpose, and deposit it in the United States postoffice at Chicago, Illinois. Upon receipt of the note Alderson signed it—however reluctantly, or by what inducements prompted so to do, is immaterial—and inclosed it in the envelope and mailed it to Watson, by whom it was received in due course. With full knowledge of all the facts and circumstances connected with the signing and delivery of the note, Watson accepted it in lieu of the note of Kemp and Collins which he held pending the action of Alderson in joining with his codefendants in accepting the offer made by him. Under these circumstances, the deposit of the note in the postoffice at Chicago, Illinois, constituted the delivery thereof to Watson in the state of Illinois. The note was executed out of this state, of which fact plaintiff's assignor must be deemed to have had full knowledge.

Judgment and order affirmed.

Allen, P. J., and Taggart, J., concurred.