[Civ. No. 3820.   First Appellate District, Division Two.—July 7, 1921.]

## D. KNABBE, Respondent, v. THE UNITED PROPERTIES COMPANY OF CALIFORNIA (a Corporation), Appellant.

[1] STATUTE OF LIMITATIONS—DELIVERY OF BONDS—BREACH OF AGREEMENT OF CORPORATION—SUFFICIENCY OF COMPLAINT.—A complaint against a corporation for damages for breach of a written agreement to deliver bonds filed July 2, 1915, sufficiently showed when the breach occurred and that the action was commenced within the period of any statute of limitation applicable to the case, where it alleged that the defendant by a "bond certificate" agreed to deliver to the plaintiff certain of its bonds when certified and ready for delivery, that more than three years elapsed after the certificate was made and delivered before plaintiff demanded the delivery of the bonds, that such period was a reasonable time for defendant to make such certification and delivery, and that the last payment of interest was on January 1, 1913, and demand for delivery on July 9, 1915.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. P. Henshall for Appellant.

Chas. E. Snook and T. P. Wittschen for Respondent.

NOURSE, J.—Plaintiff recovered judgment against defendant for twenty thousand dollars and interest for breach of a written agreement on the part of the defendant to deliver a certain number of its bonds secured by a first mortgage or deed of trust on its properties. The complaint set forth eight separate causes of action, each based upon a separate written agreement designated "bond certificate" and reciting that The United Properties Company would, upon surrender of the certificate, deliver to the purchaser or order a certain number of its first mortgage and collateral trust bonds of the denomination of one thousand dollars each, "to be issued under and secured by the deed of trust in preparation dated January 1, 1911,

made by said The United Properties Company of California, and to be delivered hereunder as and when the said bond may be certified, issued and ready for delivery.'' It was further alleged that on certain days between February 2, 1912, and July 9, 1915, the certificates which were made the basis of each separate cause of action were executed by defendant and delivered to the plaintiff; that certain installments of interest were paid thereon; and that prior to the commencement of the action—July 12, 1915—demand was made upon the defendant that it comply with the terms of the contract, which it refused to do. The bond certificates were then set out in the complaint *in haec verba,* followed by an allegation of the damage suffered by plaintiff through defendant's failure to meet the terms of the agreement. The defendant denied the execution of the writings, alleging in that behalf that, though the certificates were issued by officers of the corporation and contained the corporate seal, their issuance was not authorized by the board of directors or by the stockholders. After the trial the court found, in accordance with the allegations of the complaint, and upon the defendant's special defense relating to the execution of the certificates, that the board of directors of the corporation did authorize the issuance of the certificates, that the stockholders of said corporation did not authorize the board of directors to issue the certificates referred to, but that they did, on December 5, 1911, ratify and confirm all acts of the board of directors. The court also found that plaintiff's causes of action were not barred by any of the statutes of limitations pleaded by defendant.

[1]  On this appeal plaintiff urges but one ground for reversal, and that is that the complaint does not state a cause of action. In this connection it is argued that the complaint is insufficient in that it does not appear therefrom when the breach occurred and that consequently it cannot be determined when the cause of action arose and when the statute of limitations began to run. The contract called for the delivery of the bonds as and when they may be certified and ready for delivery. It was recited in each certificate that the bonds were to be secured by a deed of trust dated January 1, 1911. The complaint alleged that more than three years elapsed after the certificate was made and delivered to him before plaintiff demanded the issuance

and delivery of the bonds. It also alleged that this period was a reasonable time for defendant to certify, issue, and deliver the bonds. The last payment of interest was on January 1, 1913, the demand was made on July 9, 1915, and the complaint was filed July 12, 1915. Hence the action was commenced well within the period of any statute of limitations applicable to the case. Furthermore, the trial court found after trial that the action was not barred. Thus any inaccuracies in the complaint were without injury to defendant.

Appellant suggests that it would appear as if the promises alleged were secured by a certain mortgage lien on certain property and that, therefore, plaintiff's only remedy was an action to foreclose the mortgage lien under section 726 of the Code of Civil Procedure. The same point was raised in *Snyder* v. *United Properties Co., ante,* p. 428, [200 Pac. 366], and was decided adversely to appellant's contention.

The judgment is affirmed.

Sturtevant, J., and Langdon, P. J., concurred.