[Civ. No. 3721. First Appellate District, Division Two.—July 7, 1921.]

A. J. SNYDER, Respondent, v. THE UNITED PROPERTIES COMPANY OF CALIFORNIA (a Corporation), Appellant.

[1] STATUTE OF LIMITATIONS—DELIVERY OF BONDS—BREACH OF CORPORATION—SUFFICIENCY OF COMPLAINT.—An action against a corporation for damages for breaches of written agreements to deliver certain of its bonds is well within the period of any statute of limitations where it appears from the amended complaint, filed September 14, 1914, that the defendant agreed by "bond certificates" to deliver to the plaintiff certain of its bonds when certified and ready for delivery, that the earliest date of issuance of such

certificates was September 28, 1911, and the latest date August 5, 1912, that each certificate recited that the bonds were. to be secured by a deed of trust to be dated January 1, 1911, that demand for delivery was made and refused on December 24, 1913, and sufficient facts are pleaded to show that a reasonable time had expired from the date of each certificate to the commencement of the action to enable the defendant to certify and deliver the bonds.

[2] ACTION FOR DAMAGES—BREACH OF CONTRACT—DUE EXECUTION OF CORPORATION CERTIFICATES—PLEADING—EVIDENCE.—Where in such action the complaint did not specifically allege the execution of the written agreements but alleged their legal effect and their indorsement and delivery to the plaintiff by the promisee, and the answer specifically denied such allegations, the due execution of the agreements was in issue, and it was incumbent upon plaintiff to make his proof.

[3] ID.—DUE EXECUTION OF CERTIFICATES—WAIVER OF OBJECTION.—Where in such action the certificates themselves were offered and received in evidence without objection, the defendant by failing to object to their introduction waived the point of the genuineness of the signatures thereto of the officers of the corporation and the due execution by them.

[4] CORPORATIONS — AUTHORITY OF OFFICERS—EVIDENCE—SEAL.—The presence of the corporate seal is *prima facie* evidence of the authority of the officers of a corporation to execute instruments on its behalf.

[5] ACTION FOR DAMAGES—BREACH OF CONTRACT—OWNERSHIP OF CORPORATION CERTIFICATES—EVIDENCE—POSSESSION.—In such action, the possession of the certificates by the promisee at the time of the assignment to the plaintiff and his act in assigning them was presumptive evidence of delivery to him and of his ownership at the time of the assignment.

[6] CONTRACT—EXECUTION OF MORTGAGE—BREACH—REMEDY.—The fact that a debtor has agreed to execute a mortgage to secure the debt does not require the creditor to first establish an equitable lien and sue under section 726 of the Code of Civil Procedure, since he may stand upon his contract and sue for its breach, as it is only a debt which is secured by a mortgage on real or personal property which must be enforced under the provisions of such section.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

4.   Effect of corporate seal as evidence, note, 64 **Am. St. Rep.** 260.

R. P. Henshall for Appellant.

Nusbaumer & Bingaman for Respondent.

NOURSE, J.—Plaintiff recovered judgment against defendant for fifty-two thousand dollars and interest for breach of a written agreement on the part of the defendant to deliver a certain number of its bonds secured by a first mortgage or deed of trust upon its properties. The complaint set forth six separate causes of action, each based upon a separate written agreement designated "bond certificate" and reciting that The United Properties Company of California would, upon surrender of the certificate, deliver to the purchaser or order a certain number of its first mortgage and collateral trust bonds of the denomination of one thousand dollars each, "to be issued under and secured by the deed of trust in preparation dated January 1, 1911, made by said The United Properties Company of California, and to be delivered hereunder as and when the said bonds may be certified, issued and ready for delivery." It was alleged, further, that plaintiff acquired each of these bond certificates or obligations of the defendant for a valuable consideration and that they were assigned to him for a valuable consideration by the original promisee thereof. The bond certificate was then set out in the complaint *in haec verba,* followed by allegations to the effect that the defendant "did then and there and *thereby*" promise and agree to deliver to the promisee, in said writing named, the bonds specified in the complaint. The answer denied on information and belief that plaintiff had acquired the paper for a valuable consideration, and specifically denied those portions of the complaint which may be referred to as the allegations pleading the legal effect of the writing which is the basis of the suit. On the trial plaintiff offered evidence to prove his possession of the certificates, the assignment to him, the amount of both principal and interest unpaid, and the genuineness of the signature of the promisee subscribed to the assignment. The certificates were then offered and received in evidence without any proof of their execution but without objection by defendant, and the plaintiff rested. No evidence was offered by the defendant and the court thereupon rendered judg-

ment in favor of the plaintiff as above stated, findings
of fact and conclusions of law having first been waived.

On this appeal defendant presents two grounds for re-
versal: (1) That the complaint does not state a cause of
action; (2) that there is no evidence to sustain the allega-
tion of the promise and agreement on which the complaint
is based, and no evidence to sustain the finding that said
allegation or any part thereof is true.

[1]   (1) As to the point first raised, it is argued that the
complaint is insufficient in that it does not clearly appear
therefrom when the breach occurred, and that consequently
it cannot be determined when the cause of action arose and
when the statute of limitations began to run.  The contract
called for the delivery of bonds as and when they may
be certified and ready for delivery.  Sufficient facts are
pleaded to show that a reasonable time had expired from
the date of each certificate to the commencement of the
action to enable the defendants to certify and deliver the
bonds.  The earliest date of issuance of any of the certifi-
cates in suit was September 28, 1911, and the latest date
was August 5, 1912.  Each certificate recited that the bonds
were to be secured by a deed of trust to be dated January
1, 1911.  It is alleged that demand was made upon the
defendant on December 24, 1913, that it issue, certify, and
deliver to plaintiff the bonds called for by each certificate,
and that this demand was refused.  It does not appear
when the complaint was filed, but the appeal is based
upon an amended complaint which was filed September 14,
1914.  The action is well within the period of any statute
of limitations.  Though the objections to the complaint in
this respect might be available when raised by a special
demurrer on the ground of uncertainty, they are not such
as would require a holding that the complaint did not state
a cause of action.  Manifestly the appellant suffered no in-
jury from the form of these allegations because it specifi-
cally pleaded various statutes of limitations, and the trial
court found against it on that issue.

[2]   (2) The complaint did not specifically allege the
execution of the written agreement.  It did allege that on
a certain date plaintiff for a valuable consideration ac-
quired the written promise and obligation of The United
Properties Company, which said promise was then set forth

*in haec verba.* It then alleged the indorsement and assignment to plaintiff by the promisee named therein and plaintiff's ownership of the writing. The execution of the agreement by The United Properties Company can be inferred only by those allegations of the complaint to the effect that the corporation did then and there and thereby promise and agree to deliver the bonds specified therein, and then and there and thereby agreed that said bonds should and would be secured by a first mortgage or first trust deed upon all the properties of The United Properties Company. The answer denied for lack of information and belief the allegations of the complaint relating to plaintiff's acquisition of the paper for a valuable consideration and specifically denied all the allegations as to what the defendant promised and agreed to do. As the complaint did not expressly plead the execution of the agreement, it was not incumbent upon the defendant to expressly deny its execution. The plaintiff having elected to plead the legal effect of the writing and thereby place his own interpretation on what the defendant promised to do, and the defendant having specifically denied all these allegations, whatever inference is to be indulged in to support the complaint as pleading the due execution of the written instrument must with like force be indulged in to support the denials in the answer. (*Higgins* v. *Graham,* 143 Cal. 131, 133, [76 Pac. 898].)

The answer must, therefore, be taken as sufficient to put in issue the due execution of the instrument, and such being the case it was incumbent upon plaintiff to make his proof. **[3]** In this connection plaintiff offered proof of his purchase of all the certificates for a consideration, of his possession of the same, and of the genuineness of the assignment on the back of each by the promisee named on the face. The certificates themselves were then offered and received in evidence without objection. By failing to object to the introduction of the instruments defendant waived the point of the genuineness of the signatures thereto of the officers of the corporation and the due execution by them. (*Shain* v. *Sullivan,* 106 Cal. 208, 211, [39 Pac. 606].)    **[4]** The presence of the corporate seal was *prima facie* evidence of the authority of the officers to execute the instruments on behalf of the corporation. (*Chandler* v. *Hart,* 161 Cal.

405, 420, [Ann. Cas. 1913B, 1094, 119 Pac. 516].)  [5] The possession of the certificates by the promisee at the time of his assignment to plaintiff and his act in assigning them was presumptive evidence of delivery to him (*Shain* v. *Sullivan, supra*), and of his ownership of the certificates at the time he made the assignment to plaintiff. (Code Civ. Proc., sec. 1963, subd. 12; *Bickerdike* v. *State,* 144 Cal. 698, 701, [78 Pac. 277].) The direct evidence taken with the presumptions was sufficient to support the finding that the certificates had been duly executed and delivered and assigned to plaintiff.

[6] Appellant suggests but declines to argue the proposition that "it would appear as if the promise alleged was secured by a certain mortgage lien on certain property, and in consequence the plaintiff is prohibited from bringing the present action by section 726 of the Code of Civil Procedure." The answer to this proposition is that no mortgage lien was ever created. Plaintiff did not sue to establish an equitable lien but, relying upon his contract, sued for damages for its breach. He might have asked that a lien be declared to aid in enforcing the judgment (*Beckwith* v. *Sheldon,* 168 Cal. 742, 747, [Ann. Cas. 1916A, 963, 145 Pac. 97]; *Beal* v. *United Properties Co.,* 46 Cal. App. 287, [189 Pac. 346]), but he was not required to do so. It is only a debt which is secured by a mortgage on real or personal property which must be enforced under the provisions of section 726 of the Code of Civil Procedure. The fact that a debtor has agreed to execute a mortgage to secure the debt does not require the creditor to first establish an equitable lien and sue under that section. He may stand upon his contract and sue for its breach.

The judgment is affirmed.

Sturtevant, J., and Langdon, P. J., concurred.