LOUIS BACAL, Plaintiff, *v.* THE NATIONAL CITY BANK OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, March 9, 1933.

*Schneider & Groggins,* for the plaintiff.

*Wingate & Cullen* [*Miles F. McDonald* of counsel], for the defendant.

EDER, J. The plaintiff, a depositor in the defendant bank, drew his check to the order of cash. As the name of the payee is not that of any person, the instrument was payable to bearer. (Neg. Inst. Law, § 28.) An instrument payable to bearer may be negotiated by delivery (Neg. Inst. Law, § 60) and an instrument is negotiable when it is transferred from one person to another in such a manner as to constitute the transferee the holder thereof. (§ 60, *supra.*)

This check was deposited by plaintiff in a United States mail box, addressed and stamped to one John Bacal, but it was never delivered to him, having been pilfered from the mails by some unknown person. The check was presented for payment at the defendant bank by a person who asked for the cash represented in the face amount. This person was asked by the paying teller who he was and answered that he was the plaintiff, the maker of the check. He was then requested to indorse his name on the back of the check as is customary for the purpose of identifying himself; thereupon he indorsed his name thereon and the defendant's paying teller delivered to him the sum represented by the face amount of the check. This indorsement (of the plaintiff's name) was a forgery for the person presenting and indorsing the check was not the plaintiff or his authorized agent, and a mere comparison of the indorsement with the signature of the plaintiff, as maker, would at once have revealed the forgery. Yet the defendant's teller did not take this simple precaution to check the identity of this person presenting the check but paid out the cash without further ado. Such conduct was gross carelessness and negligence.

Plaintiff sues to recover the sum so paid. Defendant contends that the check being thus payable to bearer, the status of the person presenting the same, he being in physical possession, the situation must be viewed in the light that it had been negotiated by delivery and that it is immaterial whether or not the indorsement was forged.

I am unable to subscribe to this view and am of the opinion that plaintiff is entitled to judgment.

The law does not recognize a devolution of title by theft. Moreover, there was here a specific delivery by the plaintiff to said John Bacal, for the evidence is that it was mailed to him and the plaintiff's intent that he should be its recipient is thus made clear. It was unnecessary that plaintiff make a manual delivery to John Bacal;

a constructive delivery is sufficient if it is made with the intention of transferring the title (8 C. J. 204, § 335) and this rule is recognized by the definition of delivery in the Negotiable Instruments Law as the transfer of possession " actual or constructive from one person to another." (Neg. Inst. Law, § 2.) (See *Wolfin* v. *New York Security Bank*, 170 App. Div. 519; affd., 218 N. Y. 709.)

Thus, delivery may be made by mail (*Muller* v. *Pondir*, 55 N. Y. 325; *Bainbridge* v. *Hoes*, 163 App. Div. 870), in which case, if so delivered at the request of the payee, the delivery is complete when the instrument is placed in the mail, although never received. (8 C. J. 205; *Loud* v. *Collins*, 12 Cal. App. 786, 789; 108 Pac. 880.)

Thus there was here a specific delivery of the check to John Bacal and not to the person who had rifled the mail and pilfered it. John Bacal never negotiated the check by delivery to the thief and thus he never acquired a legal title to it, as it was not " transferred from one person to another in such manner as to constitute the transferee the holder thereof." (Neg. Inst. Law, § 60.) Without a delivery of commercial paper or some positive act showing an actual transfer of the paper itself or a parting with the right to dispose of it one cannot become a *bona fide* holder. (*Muller* v. *Pondir, supra.*)

Furthermore: " The various deposits of money made from time to time by the plaintiffs with the defendant created the relation of debtor and creditor, and the law implies a contract on the part of the defendant to disburse the money standing in the plaintiffs' credit only upon their order and in conformity with their directions. * * * Payments made upon forged endorsements are at the peril of the bank unless it can claim protection upon some principle of estoppel or by reason of some negligence chargeable to the depositor." (*Shipman* v. *Bank of State of New York*, 126 N. Y. 318, 326, 327.)

There is nothing negligent in making a check payable to the order of cash or bearer, or in depositing it in the mail addressed and stamped to a particular person as the intended transferee. The general rule is that depositing a negotiable instrument in the post office addressed to the intended payee is a sufficient delivery thereof. (*Loud* v. *Collins, supra.*)

The check was paid by the defendant " without any inquiry as to the genuineness of the indorsements " and in reliance upon the responsibility of the party presenting the same, and not in reliance upon anything done or forborne by the plaintiff, except that it was signed by him and this cast no responsibility whatever upon him so far as defendant's duty and obligation are concerned. (See *Shipman Case, supra*, p. 326, where the facts are quite parallel.)

"The defendant's contract was to pay the checks only upon a genuine indorsement * * * The bank must, at its own peril, determine that question. It has the opportunity, by requiring identification when the check is presented * * * of ascertaining whether the indorsement is genuine or not." (*Shipman Case, supra*, p. 328.)

Here there was ample opportunity for the defendant's paying teller to check on the authenticity and genuineness of the signature, supposedly the plaintiff's, by a simple comparison of the indorsement with the signature of the plaintiff, as maker, and this it utterly failed to do. It is, therefore, liable for the resulting loss, regardless of whether or not the check was payable to bearer. (*Shipman Case, supra*, pp. 329, 330.)

And, finally, the rule that when one of two innocent persons must suffer from the wrongful act of another the loss should devolve upon the one by whose act or omission the wrongdoer has been enabled to perpetrate the wrong does not apply when the wrongdoer has not been vested by the party sought to be charged with the ordinary indicia of ownership and right of disposal of property, or an apparent authority to do the act from which the loss must accrue to one of two innocent parties. (*Muller* v. *Pondir, supra*.)

The defendant bank did not obtain title to the check by the mere delivery thereof, since there never was a valid delivery and neither theft nor forgery can convey a valid title or delivery.

Whether viewed from the standpoint of negligence or breach of contract, the liability of the defendant is apparent and established and it must bear the loss. Judgment for plaintiff.